UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| JOSEPH D. REED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 08-71-DCR |
| | ) | |
| vs. | ) | |
| | ) | |
| LARRY CLEVELAND, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\***

Joseph D. Reed ("Reed") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [Record No. 1]  The Court granted his motion to proceed *in forma pauperis* by separate Order.

The matter is pending for initial screening.  The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). As Reed is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

-1-

## I.      BACKGROUND

Reed alleges that on February 27, 2006, several officers from the Kentucky State Police approached his parked car with weapons drawn, ordered him out of his car, and searched his person and vehicle.  Reed alleges that he was committing no visible crime and, therefore, the officers lacked probable cause to search his vehicle.  However, the officers had previously arranged for a confidential informant to call Reed by phone and arrange to purchase cocaine from him at the place where he was subsequently arrested.  The officers discovered a small quantity of cocaine on Reed's person in small plastic bags.  Following his arrest, Reed signed a written consent form to search an apartment.  Reed implies that his consent was coerced, and alleges that the apartment was not his.  During a subsequent search of the apartment the officers discovered additional plastic bags containing small quantities of cocaine.

Reed indicates that these events resulted in his indictment on criminal charges.  He further indicates that his defense counsel filed a motion to dismiss the indictment on the ground that the prosecution had improperly failed to disclose or provide a transcript of the grand jury proceedings; however, he does not indicate the court's ruling on that motion.  Reed seeks substantial monetary damages and an order directing the Commonwealth of Kentucky to dismiss the charges against him in the Franklin Circuit Court, criminal case number 06-CR-65.  Included as an exhibit to the Complaint is a "Judgment and Sentence on Plea of Guilty" entered on January 26, 2007, in *Commonwealth v. Reed*, 06-CR-0065, in which Reed pleaded guilty to "Trafficking in a Controlled Substance in the First Degree, Second Offense, Class B Felony

(UOR 42104) which offense was committed on or about 2-27-06, when Defendant was 40 years old."

## II.    DISCUSSION

Reed claims that the initial search of his vehicle and person were done without probable cause, that his consent to search his apartment was coerced, and that the prosecuting attorney failed to adhere to Kentucky law by failing to provide him with a transcript of the grand jury proceedings. These claims must be dismissed as premature. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not assert any civil rights claim which would, if successful, necessarily imply that a prior criminal conviction was invalid. *Heck*, 512 U.S. at 487. As the Sixth Circuit Court of Appeals has stated:

> In general, a state prisoner does not state a cognizable claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus.

*Reese v. Gorcyca*, 55 Fed. App'x 348, 350 (6th Cir. 2003) (citations omitted). Because Reed's claims would, if proven, "necessarily demonstrate the invalidity of his conviction," and because he does not allege that the claims have been overturned on appeal, they must be dismissed as premature. *Johnson v. Arndt*, 2005 WL 348409 (9th Cir. 2005) (arrestee's conviction for offense which provoked arrest conclusively established probable cause, thus barring illegal seizure and wrongful arrest claims under *Heck*); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *see also Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir. 1999); *Manthey v. Kessler*, 2003 WL 22434560 (6th Cir. 2003) (affirming *sua sponte* dismissal upon initial

-3-

screening of civil rights claims barred by *Heck*); *Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissal of complaint which failed to allege reversal of conviction without granting leave to amend).

### III.   CONCLUSION

Having reviewed Reed's Complaint, this Court finds that his claims are barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, it is hereby **ORDERED** that:

1.      Plaintiff's Complaint [Record No. 1] is **DISMISSED**, without prejudice**.**

2.      The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-611 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

This 20th day of October, 2008.



Signed By:
_Danny C. Reeves_  DCR
United States District Judge

-4-